Davis v. Maxwell.

No. 2494.—J. M. Davis v. Thomas L. Maxwell.

The act of October 18, 1868, relative to elections, etc., No. 164, has no application to elections held before its passage. Under the acts of 1855 and 1856, a party, wishing to contest the election, must give the opposite party notice within ten days after the close of the election. This notice would be in time if given within ten days after proclamation of the result.

APPEAL from Fifth District Court of New Orleans, *Leaumont*, .J. J. *Fisk*, for plaintiff and appellant. *Breaux & Fenner*, for defendant and appellee.

Taliaferro, J. The plaintiff alleges that he was duly elected sheriff of the parish of Orleans, at the general election held on the seventeenth and eighteenth of April, 1868, but owing to the fraud, malpractices and chicanery used in the counting of the votes cast, and in the returns and reports made of the election, his competitor, the defendant, was returned as elected, and that he was wrongfully and illegally commissioned as sheriff, and exercises the duties of that office contrary to the true intent and meaning of the constitution and laws of the State. He prays judgment in his favor, decreeing that he be declared the duly elected sheriff of the parish aforesaid, and that he be put in possession of the said office accordingly, and that he recover from the defendant twenty thousand dollars, the amount of income from said office, of which he has been deprived.

The defendant filed a peremptory exception in bar · of plaintiff's action on the following ground, viz:

*First*—That plaintiff has not, as required by law, given notice within ten days after the close of the election, of his intention to contest the election; and did not, within the required time, specially set forth the grounds of contestation, nor has he offered proof of having given such notice, nor has he even alleged it. The exception was sustained and the suit dismissed. The plaintiff has appealed.

The plaintiff's petition was filed on the second of April, 1869, and citation served on the defendant on the nineteenth of April of the same year, being one year and a day from the time the election took place. The plaintiff holds that the act of the Legislature of eighteenth of October, 1868, relative to elections, No. 164, page 218, repeals all former laws in regard to the manner of contesting elections subsequent to the adoption of the State constitution of 1868. He shows further, that proclamation of the result of the election was not made until the fifth of June following, forty-five days after the election, and therefore it was impossible to give the notice · required, file the petition, and within ten days from the close of the election, according to the acts of 1855 and 1856, even if these acts were in force.

We conclude the provisions of the act of eighteenth of October, 1868, are prospective only; and that the laws previously in force, prescribing the proceedings to be taken in contested elections, governed in all

matters of that character prior to the passage of the act of eighteenth of October, 1868. As the plaintiff could not, under the circumstances, have commenced proceedings prior to the official promulgation of the result of the election, there was nothing in the way of his doing so within ten days afterwards. We think he has failed in using due diligence.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, with costs in both courts.